# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACKIE B.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 20-1069-JWL |
| ANDREW M. SAUL, ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits pursuant to sections 1602, and 1614 of the Social Security Act, 42 U.S.C. §§ 1381a, and 1382c (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) evaluation of Dr. Wunderlich's medical opinion and assessment of Plaintiff's mental limitations, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.     Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed an application for SSI benefits on July 18, 2017. (R. 12). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred in failing to include in the residual functional capacity (RFC) he assessed certain mental limitations opined by Dr. Wunderlich which Plaintiff alleges the ALJ found persuasive.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

2

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.  Discussion

Plaintiff claims the ALJ found Dr. Wunderlich's opinion persuasive but failed to include limitations opined by Dr. Wunderlich in the RFC he assessed and did not explain his reasons for excluding them. (Pl. Br. 23). Specifically, Plaintiff argues the ALJ omitted a limitation "in the ability to respond appropriately to usual work situations and to changes in the routine work setting, and he failed to explain the omissions." Id. She argues, "The case law is clear that the ALJ must explain why he rejected some limitations while adopting others, but the ALJ did not do so here." Id. at 25 (citing Washington v. Colvin, No. 13-1147-SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014); Lodwick v. Astrue, No. 10-1394-SAC, 2011 WL 6253799, at *4 (D. Kan. Dec. 13, 2011). Plaintiff argues that the limitation opined is supported by the ALJ's findings in his decision, by the

4

record evidence, by Plaintiff's testimony at the hearing, and by Plaintiff's treatment records. (Pl. Br. 26-28).

Plaintiff argues the RFC for simple work assessed by the ALJ "does not incorporate the limitations in the ability to respond to usual work situations or to changes in a work setting." Id. at 28. This is so in Plaintiff's view because "the RFC does not include any limitation in the area of adaptation." Id.

The Commissioner argues that the ALJ's RFC for unskilled work is supported by substantial evidence and "any moderate limitations Plaintiff may have in adaptation were accounted for by the ALJ's RFC of simple work with restricted social interaction and the unskilled jobs he relied upon in finding Plaintiff not disabled." (Comm'r Br. 13). He argues that the ALJ's evaluation of Dr. Wunderlich's opinion was proper pursuant to the Commissioner's new regulations for evaluating medical source opinions and "the ALJ's RFC accounted for those limitations in adaptation supported by the record." Id. at 16.

In her Reply Brief, Plaintiff reiterates the argument from her brief and argues, "what's missing from the ALJ's decision here is an explanation for how the limitation in the ability to respond appropriately to usual work situations and to changes in the routine work setting was accommodated in the ALJ's RFC." (Reply 3). She argues the ALJ failed his duty "to 'explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.'" Id. (quoting Soc. Sec. Ruling (SSR) 96-8p, 1996 WL 374184, at *7).

As the Commissioner's Brief explains, there is a new regulatory framework for considering medical evidence, including medical opinion evidence, which abrogated the

treating physician rule and judicial precedent based upon application of that rule. Id. at 12 (citing Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 2017 WL 168819 (SSA Jan. 18, 2017)).  Moreover, contrary to the new regulations, Plaintiff's briefs treat the ALJ's finding (that the various medical opinions and prior administrative medical findings are persuasive or somewhat persuasive) the same as if he were assigning a relative weight to the opinions under the old regulations. Further, Plaintiff's arguments rely on case law decided pursuant to the old regulations without acknowledging the significant differences between the old regulations and the new or explaining if, why, and how that case law remains applicable under the new regulatory regime.  E.g., Pl. Br. 24 (citing Barton v. Colvin, No. 15-1272-JWL, 2016 WL 5109933, at *2 (D.Kan. Sept. 20, 2016)); Pl. Br. 25 (citing Brown v. Comm'r of the Soc. Sec. Admin., 245 F. Supp. 2d 1175, 1186-87 (D. Kan. 2003); Pl. Br. 26 (citing Martinez v. Astrue, 422 Fed. App'x. 719, 724-725 (10th Cir. Apr. 26, 2011).

Nonetheless, Plaintiff's reliance on outdated case law is not the reason her claim of error fails.  Rather, Plaintiff has not demonstrated that the ALJ rejected some limitations Dr. Wunderlich opined while adopting others.  Consequently, she is merely arguing that Dr. Wunderlich's opinion should be viewed to require greater limitations than assessed by the ALJ.  As noted above, to succeed in that argument, Plaintiff must demonstrate "that the evidence not only supports [a contrary] conclusion, but compels it." Elias-Zacarias, 502 U.S. at 481, n.1 (emphases in original).  She has not done so here.

As Plaintiff points out, and as relating to Plaintiff's mental RFC, the ALJ found the opinions of the state agency psychological consultants, Dr. Scher and Dr. Anthony,

only somewhat persuasive because they "are not supported by recent evidence," and found Dr. Wunderlich's opinion persuasive because it was "based on a review of recent treatment records, and based on a comprehensive examination of the claimant." (R. 20). He noted that the evidence supports "a marked limitation in dealing with the general public, and, as a result, the [ALJ's] residual functional capacity assessment limits contact with the general public." Id. (citing Dr. Wunderlich's reports, R. 697-710).

As Plaintiff points out both Dr. Wunderlick and Dr. Anthoney opined that Plaintiff has a moderate limitation in the ability to respond appropriately to changes in a work setting—an adaptive limitation. (R. 125, 706). In her narrative explanation of Plaintiff's mental abilities, Dr. Anthoney explained her opinion that Plaintiff has "the ability to sustain simple, repetitive, low social work." (R. 126). Dr. Wunderlich also explained his finding: He explained that Plaintiff's depressive disorder and traumatic experiences "have affected her capacity for adaptive emotional regulation. She does not appear equipped to set adaptive goals for herself." (R. 702). The ALJ found Plaintiff

> can understand, remember, and apply instructions to perform simple tasks. She can concentrate and maintain a consistent pace for 2 hours before and after break periods. She may tolerate occasional interaction with supervisors and coworkers. She must avoid interaction with the general public.

Id. at 17 (finding no. 4, bold omitted). In the circumstances, and based upon the record evidence, this is a reasonable accommodation of Plaintiff's moderate adaptive limitations as opined and explained by Dr. Anthoney and Dr. Wunderlich, and Plaintiff has not shown that the evidence compels finding greater limitations. And, because substantial evidence ("such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion") supports the ALJ's evaluation, the court may not reweigh the evidence and substitute its evaluation for that of the Commissioner.  Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172; Bowling, 36 F.3d at 434.

Plaintiff's argument that the RFC should have included a specifically adaptive limitation fails for two reasons.  First, neither Dr. Anthoney nor Dr. Wonderlich suggested additional specifically adaptive limitations.  Second, and more importantly, Plaintiff does not point to record evidence compelling additional specifically adaptive limitations.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated January 22, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**